UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ZABRINA BROWN, o/b/o D.B.,

    Plaintiff,                               Case No. 12-cv-12627
                                            HON. BERNARD A. FRIEDMAN
vs.                                             MAG. JUDGE DAVID R. GRAND

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**OPINION AND ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**I.    Introduction**

      Before the Court are plaintiff's objections to Magistrate Judge David R. Grand's February 14, 2013, Report and Recommendation ("R & R") [docket entries 16 and 17]. The Commissioner filed a response [docket entry 20]. Magistrate Judge Grand recommended that the Court grant the Commissioner's motion for summary judgment [docket entry 14] and deny plaintiff's motion for summary judgment [docket entry 10]. Since the Court has reviewed this matter *de novo* pursuant to Fed. R. Civ. P. 72(b)(3), and finds that the magistrate judge's recitation of the underlying facts is accurate, the Court will adopt his summary of the factual record as it appears on pages 2 through 9 of the R&R.

**II.    Facts**

      Plaintiff seeks judicial review of the Commissioner's decision denying her minor

daughter's claim for Supplemental Security Income. Plaintiff applied for benefits on behalf of her daughter ("claimant") on June 27, 2008, claiming disability resulting from Attention-Deficit Hyperactivity Disorder as of August 10, 2006. The application was denied on August 28, 2008 and plaintiff subsequently filed a timely notice for a hearing. On April 15, 2010, a hearing was held before an Administrative Law Judge ("ALJ"), during which plaintiff was represented by counsel. The ALJ found that claimant was not "disabled" within the meaning of the Social Security Act.

Thereafter, plaintiff appealed the ALJ's unfavorable determination to the Appeals Council, which denied her request for review. Plaintiff then filed the instant complaint for judicial review of the denial of benefits.

### III.     Standard of Review

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." Longworth v. Comm'r of Soc. Sec., 402 F.3d 591, 595 (6th Cir. 2005) *quoting* Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004). The Commissioner's findings of fact are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g). As a result, this Court may not reverse the Commissioner's decision merely because it disagrees or "because there exists in the record substantial evidence to support a different conclusion." McClanaham v. Comm'r of Soc. Sec., 474 F.3d 830, 833 (6th Cir. 2006) *quoting* Buxton v. Halter, 246 F.3d 762, 772 (6th Cir. 2001).

"The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." Felisky v. Bowen, 35 F.3d 1027, 1035 (6th Cir. 1994).

## IV.     Analysis

On appeal, plaintiff maintains that the magistrate judge erred when he: 1) failed to provide "good reasons" for rejecting the opinion of plaintiff's treating source and 2) improperly discounted the opinion of plaintiff's non-examining source that claimant was markedly limited in "acquiring and using information" and "attending and completing tasks."

With respect to plaintiff's treating source, the magistrate judge correctly determined that the doctor's opinion should not be afforded controlling weight because it was primarily based upon claimant's subjective complaints rather than objective medical evidence. See Mitchell v. Comm'r of Soc. Sec., 330 F. App'x 563, 569 (6th Cir. 2009). Plaintiff's assertion that the treating source relied upon school records to formulate his diagnosis is belied by the record. As the magistrate judge noted:

> "[a]lthough Dr. Benjamin does identify teacher reports and a school psychological evaluation as 'clinical findings and objective signs supporting the diagnoses,' the symptoms he lists (poor ability to focus, distractibility, etc.) are not contained in this report or this evaluation; rather, they are symptoms reported by plaintiff, as the ALJ found."

R&R at 15 n. 3 (internal citations omitted).

Furthermore, the magistrate judge did not err when he found that the non-examining source misinterpreted claimant's standardized test scores to support his conclusion that claimant was markedly limited in "acquiring and using information" and "attending and completing tasks." See 20 C.F.R. 416.926a(e)(2) (a marked limitation is "the equivalent of the functioning

-3-

we would expect to find on standardizing testing with scores that are at least two, but less than three, standard deviations below the mean."). Claimant's [sub-standard] grade level performance on her standardized tests did not equate to a score that was "two or more standard deviations blow the mean in normally distributed data." R&R at 19 n. 5.

Accordingly,

IT IS ORDERED that Magistrate Judge Grand's Report and Recommendation, dated February 14, 2013, is hereby accepted and adopted and the findings of the Commissioner are affirmed.

IT IS FURTHER ORDERED that defendant's motion for summary judgment is granted.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment is denied.

Dated: March 29, 2013                    s/ Bernard A. Friedman_____
      Detroit, Michigan                       BERNARD A. FRIEDMAN
                                       SENIOR UNITED STATES DISTRICT JUDGE